624 F.2d 1101
 23 Empl. Prac. Dec. P 31,082
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James W. Settles, Plaintiff-Appellant
v.
Wickes Lumber Division, Defendant-Appellee.
 Dkt. No. 78-3467.
 United States Court of Appeals, Sixth Circuit.
 June 11, 1980.
 
 Before CELEBREEZE, BROWN & KENNEDY, Circuit Judges.
 
 PER CURIAM
 
 1
 This is an appeal from a judgment of the district court dismissing plaintiff's employment discrimination suit under 42 U.S.C. Sec. 2000(e) et seq. After eleven years of employment as a salesman with Wickes Lumber, appellant came to the belief that Saturday was the true Sabbath and for that reason he could not work on Saturdays. He so informed his supervisor. After failing to report to work the following Saturday, appellant's employment was terminated. The nature of Wickes Lumber's business--mass retailing of residential home materials--made Saturdays the busiest business day, necessitating that all salesmen work on Saturday. Nevertheless, appellant claims that Wickes unlawfully discriminated against him by failing to reasonably accommodate his religious beliefs.
 
 
 2
 TWA v. Hardison, 432 U.S. 63 (1977) and McDaniel v. Essex International, Inc., 571 F.2d 338 (6th Cir.1978) make clear that an employer must make a reasonable accommodation to an employee's religious beliefs if this can be accomplished without undue hardship. In Hardison, the Court held that reasonable accommodation did not include interference with a seniority system or the employer's expenditure of more than de minimis sums of money.
 
 
 3
 In the instant case Wickes made no attempt to accommodate appellant's religious beliefs. Appellant's ultimatum that he would never work on Saturdays may well constitute the type of blanket demand that cannot reasonably be accommodated. See Jordan v. North Carolina National Bank 565 F.2d 62 (4th Cir.1977). In any event, a finding of no attempt to accommodate may be rebutted by a showing of undue hardship. Wickes has satisfied this demand. Its business needs require salesmen to be trained at substantial cost. The expertise acquired by training and experience could not be duplicated without undue hardship on Wickes' behalf.
 
 
 4
 Accordingly, the judgment of the district court is affirmed